FILED

2012 AUG 17 PM 12:42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:________

Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
Jonathan M. Hurst, California Bar No. 272142
jon.hurst@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
CALIFORNIA RECONVEYANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ED CV 12 - 01379 VAP (OPx)

| | |
|---|---|
| AMRO ALBANNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>(Riverside County Superior Court Case No. RIC 1210536)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), 1446**<br><br>**[DIVERSITY JURISDICTION]** |

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A. ("Chase") removes to this Court the action described below from the Superior Court of the State of California, for the County of Riverside, to the United States District Court, for the Central District of California.

## I. BACKGROUND

1. Plaintiff Amro Albanna ("Plaintiff") filed an action in the Superior Court of the State of California, for the County of Riverside, entitled *Amro Albanna v. JPMorgan Chase Bank, N.A., et al.*, Case No. RIC 1210536, on July 12, 2012 ("State Court Action").

2. Chase filed an Answer to Plaintiff's Complaint in the State Court Action on July 18, 2012. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

3. A copy of all pleadings filed in the State Court Action is attached as "Exhibit A." Exhibit A also includes all process, pleadings, and orders served upon Chase as required by 28 U.S.C. § 1446(a).

## II. BASIS FOR REMOVAL

4. This Court has original jurisdiction on the basis of diversity under Title 28, § 1332 of the United States Code. This is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Thus, the action may be removed to this Court pursuant to Title 28, § 1441, subdivision (b) of the United States Code.

5. There is complete diversity of citizenship between Plaintiff and Chase in accordance with Title 28, § 1332, subdivision (a)(1) of the United States Code.

6. Plaintiff is a citizen of California.

7. For diversity purposes, a national bank is a citizen of the state in which its main office, as set forth in its articles association, is located. *See* 28 U.S.C.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

§1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 3148 purposes, is a citizen of the State in which its main office, as set forth in its articles of association is located."); *see also Deleon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499 (N.D. Cal. June 9, 2010) ("[T]he Court concludes that Wells Fargo is a citizen of the state in which its main office, as specified in its articles of association, is located."); *Cochran v. Wachovia Bank, N.A.*, 2010 U.S. Dist. LEXIS 38379 (C.D. Cal. Mar. 9, 2010).

8. Chase is a national bank with its main office, as set forth in its articles of association, in Ohio. Chase is therefore a citizen of Ohio for diversity purposes.

9. The citizenship of nominal parties is disregarded for diversity purposes. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

10. Under California Civil Code section 2924*l*, a trustee of a deed of trust is a nominal party if it files a declaration of "non-monetary status" and no party objects to the declaration within fifteen days. *See* Cal. Civ. Code § 2924*l*(d) (where "no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, [and] shall not be subject to any monetary awards as and for damages, attorneys' fees or costs . . . .").

11. District courts have repeatedly held trustees to be nominal parties where a declaration under Section 2924*l* has taken effect prior to removal. *Silva v. Wells Fargo Bank, N.A.*, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011) ("District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes.") (citing cases); *see*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

*also Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) ("Where a trustee has filed an unopposed § 2924*l* declaration in state court before an action's removal, district courts have treated the trustee as a nominal party and disregarded its citizenship for the purposes of diversity jurisdiction."); *Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011) ("[F]ederal courts have considered parties with non-monetary status under § 2924*l* to be nominal parties for purposes of diversity jurisdiction."); *Cabriales v. Aurora Loan Servs.*, 2010 WL 761081, at *2 (N.D. Cal. Mar. 2, 2010) (holding "[the trustee] filed its declaration [of non-monetary status] . . . and, when no objections were filed, it transformed into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction"); *Figueiredo v. Aurora Loan,* 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) (holding "the filing of [the trustee's] declaration of non-monetary status in state court . . . transformed [it] into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction").

12.     California Reconveyance Company, a California resident, filed a Declaration of Non-Monetary Status By Foreclosure Trustee Pursuant to Civil Code Section 2924*l* in the State Court Action on July 18, 2012.  No objection to the declaration was filed within the statutorily prescribed time, nor any time thereafter. California Reconveyance Company is thus a nominal party whose citizenship is disregarded for purposes of diversity jurisdiction.

13.     Plaintiff also named entities under fictitious names as defendants (the "Doe Defendants").  The citizenship of such defendants sued under fictitious names must be disregarded for diversity purposes.  28 U.S.C. §1441(a) ("citizenship of defendants sued under fictitious names shall be disregarded.").

14.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

of the action." *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). Here, real property is the subject of the action. (*See* Complaint, ¶ 6.) Plaintiff alleges the value of the property is $1,300,000. (*Id.*, ¶ 7.) The value of the property thus exceeds the jurisdictional threshold.

15. Further, "[i]n actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, Plaintiff requests "an injunction restraining Defendants from selling the property at a foreclosure sale." (Complaint, p. 15.) The value of the property is thus the amount in controversy.

## III. PROCEDURAL COMPLIANCE

16. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

17. 28 U.S.C. § 1446(b)(3) provides, in pertinent part, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

18. The case stated by Plaintiff's Complaint was not initially removable because complete diversity among the parties was lacking. California Reconveyance Company is a California corporation. Plaintiff and California Reconveyance Company are citizens of California.

19. The case became removable August 6, 2012, the date on which California Reconveyance Company's non-monetary status took effect. California Civil Code section 2924*l*(c) allows parties 15 days from the service of the declaration by the trustee in which to object to the non-monetary status of the trustee. Where service is by overnight delivery, an additional two court days are added to this time. Cal. Code Civ. Proc. § 1013(c). Non-monetary status takes effect upon expiration of the statutory period. Cal. Civ. Code § 2924*l*(d); *Silva v.*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

*Wells Fargo Bank, N.A.*, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011) ("'[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection'" (quoting *Sun v. Bank of Am. Corp.*, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010))). Here, California Reconveyance Company served its Declaration of Non-Monetary Status by overnight delivery July 18, 2012. The statutory period to object expired August 6, 2012.

20. On August 7, 2012, the online docket in the State Court Action showed no objection was filed within the statutorily prescribed time. The docket constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3); *see also Cabriales v. Aurora Loan Servs.*, 2010 WL 761081, at *2 (N.D. Cal. Mar. 2, 2010) (holding removal was timely when made within 30 days of date on which the trustee became a nominal party). Chase's Notice of Removal is being timely filed within thirty days of its receipt of the State Court Action docket of August 7, 2012.

21. The State Court Action was pending before the Superior Court for the County of Riverside. Because this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

22. A copy of this Notice of Removal is being served on all adverse parties and filed with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A copy of the notice to adverse parties and the state court is attached (without exhibits) as "Exhibit B."

23. California Reconveyance Company consents to and joins in this removal.

## III. CONCLUSION

24. Wherefore, Chase respectfully requests that the State Court Action be removed from the state court in which it was filed to the United States District Court

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

in and for the Central District of California, and further request that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice Chase may be entitled to receive.

Dated: August 17, 2012

Stuart W. Price
Jonathan M. Hurst
**BRYAN CAVE LLP**

By: ______________________
Jonathan M. Hurst
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# Exhibit A

3:30 pm 7/12/12
FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)
FILED
SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE
JUL 12 2012
J. ALVAREZ

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
JP Morgan Chase Bank N.A., and California Reconveyance Company

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Amro Albanna

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Riverside Historic Courthouse
4050 Main Street, Riverside CA 92501

CASE NUMBER: *(Número del Caso):* RIC 1210536

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin Yrungaray, 3637 Arlington Ave. Suite D, Riverside, CA 92506. (951) 801-5570

DATE: 7/12/12 JUL 12 2012 *(Fecha)*    Clerk, by *(Secretario)* J. Alvarez, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: California Reconveyance Company

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009]    SUMMONS    Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov

Benjamin Yrungaray (Bar No. 256224)
**DE NOVO LAW FIRM**
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone: (951) 801-5570
Facsimile: (877) 932-6223

*Attorney for Plaintiff:*
Amro Albanna

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 12 2012
J. ALVAREZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| AMRO ALBANNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants/Respondents | Case No.: RIC 1210536<br><br>**COMPLAINT FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, INJUNCTIVE RELIEF, ACCOUNTING, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, RESTITUTION, CONSPIRACY, UNFAIR BUSINESS PRACTICES, and BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

AMRO ALBANNA, an individual (hereinafter referred to as "**Plaintiff**"), hereby alleges as follows:

1. Plaintiff is the bona fide purchaser and true owners of the subject property at issue in this action, commonly referred to as 5902 Claridge Drive, Riverside, California, 92506.
2. Plaintiff is informed and believes and upon such information and belief alleges that Defendant, JP MORGAN CHASE BANK N.A. (hereinafter referred to as "Defendant" or "JPMORGAN") is a banking institution authorized to transact business in the State of California and was the servicer of the note secured by deed of trust at issue in this action.
3. Plaintiff is informed and believes and upon such information and belief alleges that Defendant, CALIFORNIA RECONVEYANCE COMPANY (hereinafter referred to as

"Defendant" or "CALIFORNIA RECONVEYANCE") is a foreclosure trustee authorized to transact business in the State of California and was the foreclosure trustee for the note secured by deed of trust at issue in this action.

4. The true names and capacities of those persons named herein as DOES 1 through 20 inclusive, are persons whose identities are presently unknown to the Plaintiff, but who have acted in concert with the named Defendants in doing the acts alleged herein and are liable for knowingly or negligently conspiring and committing at least one act of furtherance of that conspiracy to do the wrongs alleged herein.

5. Plaintiff is informed and believes and upon such information and belief alleges that Defendants, and each of them were the agents, employees, servants, joint venturers and/or co-conspirators of the remaining Defendants, and were acting within the court and scope of said agency, employment, joint venture and/or conspiracy; that Defendants, and each of them, when doing the things alleged herein, were the actual or ostensible agents of the remaining Defendants, and were acting within the court and scope of said agency; and that each and every Defendants, as aforesaid, when stating as a principal, was negligent in the election, hiring, supervision and continued employment of each and every other Defendant as an agent, employee or joint venturer, and/or that said Defendant approved, supported, participated in, authorized and/or ratified the act and/or omission of said employees, agents, servants, conspirators, and/or joint venturers.

**PRELIMINARY ALLEGATIONS**

6. Plaintiff is the bona fide purchaser of the subject property (hereinafter referred to as the "PROPERTY") at-issue in this action, commonly referred to as 5902 Claridge Drive, Riverside, California, 92506.

7. The Current Market value of the Property is estimated at $1,300,000.

8. Plaintiff began construction on the Property in 2002 and completed construction in 2004.

9. Plaintiff refinanced the property on or around 2006, with a first deed of trust secured by Washington Mutual.

10. On or about October 2008, Plaintiff fell behind on monthly mortgage payments to Defendants. On March 23, 2009, California Reconveyance issued a notice of default stating that payments totaling $81,475.46 were due. See *Notice of Default* dated March 23, 2009 attached hereto as Exhibit A.

11. On or about March 2, 2010, Plaintiff received notice that they qualified for a Trial Plan Agreement. The agreement provided for a trial payment starting March 1, 2010. See *Trial Loan Modification Notice* dated March 2, 2010 and attached hereto as Exhibit B.

12. The Trial Plan agreement dated March 2, 2010 was unsigned and required payments starting March 1, 2010.

13. Because the Trial Plan erroneously required payment after the letter was sent out, Plaintiff immediately requested a new Trial Plan.

14. On or about March 8, 2010, Plaintiff received a revised Trial Plan Agreement (hereinafter "Trial Plan") providing for three trial payments of $7,986.21. *See Trial Plan Agreement dated March 8, 2010 and attached hereto as Exhibit C.*

15. The payment schedule stated in the Trial Plan provided for the following payments:

a. 04/01/2010 $7,986.21

b. 05/01/2010 $7,986.21

c. 06/01/2010 $7,986.21

16. The Trial Plan provided "After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount." *Id.*

17. Plaintiff was informed and believed if he complied with the trial payment plans and provided all requested documentation, Defendants would provide a final loan modification according to the same terms as the Trial Plan.

18. Plaintiff made all three monthly payments on time and regularly checked in with Defendants to ensure Defendants had all the requested documents.

19. On or about July 22, 2010, Defendants denied Plaintiff's request for a loan modification stating that Plaintiff had not provided all the requested documentation. *See Denial Letter from Chase dated July 22, 2010 and attached hereto as Exhibit D.*

20. Plaintiff immediately appealed to the Office of the Comptroller of the Currency, stating that all required documents had been provided in addition to the required monthly payments.

21. As a result of the appeal, Chase re-opened the trial modification and required additional monthly payments.

22. On or about October 28, 2010, Plaintiff received a letter from Chase denying his eligibility for a loan modification stating that "the current unpaid principal balance on your Loan is higher than the program limit." *See Letter from Chase dated October 28, 2010 attached hereto as Exhibit E.*

23. The unpaid principal balance on the loan did not significantly change from the time I applied for a loan modification and when I was given a trial modification.

24. Chase guaranteed a loan modification as long as I made the required payments and provided all the requested documentation.

25. Plaintiff relied on the material representations of Defendants regarding the Trial Plan.

26. Plaintiff complied with all the terms and conditions and paid the monthly trial payments as stated in the Trial Plan.

27. Plaintiff expended considerable time and energy in furtherance of obtaining a final loan modification.

28. Plaintiff made several financial disclosures according to the demands made by Defendants.

29. Despite the approved trial modification and promise of a final modification, California Reconveyance never rescinded the notice of default and has since issued a notice of sale on the Property.

**FIRST CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT**

30. Plaintiff hereby incorporate as if re-written all of the allegations, statements, and matters set forth in paragraphs 1 through 29, as though fully set forth herein, and further state:

31. Pursuant to the March 8, 2010 Trial Plan, Defendants promised that upon completion of the Trial Plan, "Chase will send you a Modification Agreement for your signature which will modify the loan as necessary to reflect this new payment amount." *See Trial Plan attached as Exhibit C.*

32. The Trial Plan clearly provided for the new terms of the final modification agreement as the payment amount was provided for in the Trial Plan.

33. Chase signed and dated the Trial Plan on March 8, 2010.

34. Plaintiff timely tendered and Defendants accepted the installment payments within the terms of the Trial Plan.

35. Plaintiff timely provided all requested documentation including all "verification of income documentation." *Id.*

36. Plaintiff had performed all conditions and obligations required.

37. Defendants never provided a final modification to Plaintiff despite the clear language of the Trial Plan providing that Chase would send a final modification upon completion of the plan.

38. As a result of Defendants breach of contact and violation of the applicable California law, Plaintiff has sustained damages in an amount presently unknown. When the precise amount is known, it will be established by way of an amendment to these pleadings or according to proof at the time of trial.

**SECOND CAUSE OF ACTION**

**PROMISSORY ESTOPPEL**

39. Plaintiff hereby incorporates as if re-written all of the allegations, statements, and matters set forth in paragraphs 1 through 38, as though fully set forth herein, and further state:

40. Defendants offered Plaintiff a trial loan modification under the Trial Plan.

41. Defendants promised Plaintiff that he would be offered a permanent loan modification as long as Plaintiff complied with the terms of the Trial Plan.

42. Plaintiff complied with the terms of the Trial Plan and provided all required paperwork.

43. Plaintiff did not seek to refinance or cure the arrearage owed on the loan as Plaintiff believed he would be offered a permanent modification.

44. Defendant knew that Plaintiff would reasonably rely on Defendants' assurances of a modification.

45. Despite Plaintiff's reliance, Defendants did not offer a final modification to Plaintiff and Defendants are now trying to foreclose on the property.

46. As a result of their reliance on a promise for a final loan modification, Plaintiff has suffered serious financial injury as Plaintiff made numerous trial loan payments.

47. Defendants sent Plaintiff the Trial Payment Plan paperwork stating that a final

modification would be provided upon completion of the trial modification.

48. Defendants signed this paperwork and knew that the Plaintiff would expect a final modification upon completion of the Trial Plan.

49. As a result of Plaintiff's reliance on defendant's promise to modify the home loan, Plaintiff is no longer able to cure the large default on the loan and is facing foreclosure.

50. As a result of Defendants' promise to modify the loan and Plaintiff's reliance on this promise, Plaintiff made thousands of dollars in payments to Defendant and Plaintiff has sustained damages in an amount presently unknown. When the precise amount is known, it will be established by way of an amendment to these pleadings or according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

51. Plaintiff hereby incorporates as if re-written all of the allegations, statements, and matters set forth in paragraphs 1 through 50, as though fully set forth herein, and further state:

52. Plaintiff seeks injunctive relief restraining the Defendants from continuing with trustee's sale including proceeding with a foreclosure sale of the subject property pending a final resolution of this Action.

53. This motion will be made on the grounds that the Plaintiffs are entitled to relief from Defendants' act in violation of their rights and Plaintiffs are likely to prevail on the merits of their claims.

**FOURTH CAUSE OF ACTION**

**ACCOUNTING**

54. Plaintiff hereby incorporates as if re-written all of the allegations, statements, and matters set forth in paragraphs 1 through 53, as though fully set forth herein, and further state:

55. From April 30, 2010 to June 27, 2010, Plaintiff tendered the timely installment payments pursuant to the written trial modification agreement and the verbal agreement in support of the modification agreement to facilitate a loan modification once Plaintiff made all required monthly payments.

56. Defendants inflated the arrears balance and have failed to credit Plaintiff's account for payments made.

57. Plaintiff seeks a full accounting of the monies paid to Defendants from January 2009 to December 2011 and a computation of the arrears balance as of January 1, 2012.

58. The amounts received and accepted by Defendants but incorrectly credited or applied is unknown to Plaintiff and cannot be ascertained without an accounting.

59. This action is brought and an accounting is sought herein, and Plaintiff has incurred and will continue to incur, costs of the accounting herein, including but not limited to, the costs of reasonable attorney's fees and reasonable costs and expenses to retain an accountant, appraiser, referee and/or receiver.

60. Plaintiff demands of Defendants that they account to Plaintiffs for any and all sums on their account with Defendants since January 2009 to the present.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

61. Plaintiff hereby incorporates as if re-written all of the allegations, statements, and matters set forth in paragraphs 1 through 60 as though fully set forth herein, and further state:

62. Plaintiff alleges that the Defendants represented to Plaintiffs that their best available course of action would be to enter into a loan modification program, which Defendants promised to facilitate.

63. Plaintiff is informed and believe and based thereon alleges that the representations made

by Defendants were in fact false. Defendants never intended to stay the foreclosure proceedings, nor did Defendants intend to facilitate a final loan modification as promised.

64. Plaintiff is informed and believes and based thereon alleges that when Defendants made these representations, they knew them to be false and made these representations with the intention to defraud Plaintiff and induce Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectations that Plaintiff would so act.

65. Plaintiff, at the time of these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did agree to a trial modification and did timely tender the installment payments as agreed upon.

66. Plaintiff was further prevented from seeking other alternatives to cure the arrears based upon the material misrepresentations by Defendants and their promises to offer Plaintiff a final loan modification.

67. The aforementioned conduct of the Defendants was an intentional misrepresentation of material fact known to the Defendants and Defendants intended to deprive Plaintiff of his property and legal rights.

68. Defendants' intentional misrepresentation was despicable conduct aimed at depriving Plaintiff of his property and constitutes cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

69. As a proximate result of the fraudulent conduct of Defendants, Plaintiff was prevented from seeking alternative avenues to cure the default and was placed into a trial modification.

70. Defendants had no intention of offering Plaintiff a loan modification but only offered it to

a loan modification. Plaintiff is entitled to injunctive relief preventing Defendants from disposing of the property and for other damages to be proven at trial.

## EIGHTH CAUSE OF ACTION

## CONSPIRACY

85. Plaintiff incorporates the allegations in Paragraphs 1 through 84 above as though fully set forth herein.

86. Plaintiff is informed and believes and based thereon alleges that Defendant California Reconveyance acted in concert with Chase to defraud Plaintiff of numerous trial modification payments and initiate foreclosure in breach of the modification agreement.

87. Plaintiff is informed and believes and based thereon alleges that Defendant California Reconveyance knew that Chase never intended to modify the loan but was not prepared to take ownership of the property.

88. Plaintiff is informed and believes and based thereon alleges that Defendant California Reconveyance was asked to issue foreclosure documents in order to induce Plaintiff to make payments under a trial modification.

89. Plaintiff is informed and believes and based thereon alleges that the foreclosure documents produced by Defendant California Reconveyance were not based on an intent to foreclose on the property but to intimidate Plaintiff into making payments.

90. As a proximate result of the conduct of Defendants as herein alleged, Plaintiff was defrauded of trial modification payments and has not been provided with a permanent modification. As such, Plaintiff has been damaged in an amount to be proven at the time of trial.

//

//

**NINTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

91. Plaintiff incorporates the allegations in Paragraphs 1 through 90 above as though fully set forth herein.

92. California Business and Professions Code Section 17500, et seq. specifically prohibits the making of a statement or production of a publication or declaration concerning any circumstances or matter of fact connected with the proposed performance of acts resulting in the disposition of real or personal property, with reasonable care should be known, to be untrue or misleading and therefore deceptive.

93. Defendants have committed acts of unfair business practices defined by California Business and Professions Code Section 17200, et seq. by using bait and switch tactics in marketing of their trial loan modification; making trial modification agreements without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers; and making trial modification agreements that are materially misleading and internally contradictory.

94. Defendants' trial modification agreement provided language that Plaintiff would be offered a modification as long as Plaintiff made the necessary trial modification payments and provided all requested documents.

95. As a direct and proximate result of the aforesaid willful, oppressive acts and conduct and false representations of said Defendants, Plaintiff has incurred and continues to incur damages, in an amount to be ascertained, to be proven at trial.

//

//

//

//

//

**WHEREFORE**, Plaintiff respectfully request judgment as follows:

1. For general damages according to proof at trial;
2. For exemplary and punitive damages according to proof at trial;
3. For an Accounting of Plaintiff's account with Defendants;
4. For an injunction restraining Defendants from selling the property at a foreclosure sale pending the outcome of this litigation;
5. For all interest accrued;
6. For reasonable attorney's fees;
7. For costs of suit, and;
8. For such other and further relief as the Court may deem to be just, equitable and proper.

DATED this 11th day of July, 2012.

**DE NOVO LAW FIRM**

By:

Benjamin Yrungaray
*Attorney for Plaintiff*

# EXHIBIT A

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800 892-6902
(818)775-2258 (Fax)

DOC # 2009-0141582
03/24/2009 08:00A Fee:15.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| | | | 2 | | 1 | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T: | | CTY | UNI | 034 |

Trustee Sale No. 232400CA Loan No. 3010562076 Title Order No. 602123149

## IMPORTANT NOTICE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $81,475.46 as of March 23, 2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

2. The Current Market value of the Property is estimated at $1,300,000.

3. I began construction on the Property in 2002 and completed construction in 2004.

4. I refinanced the property on or around 2006, with a first deed of trust secured by Washington Mutual.

5. On or about October 2008, I fell behind on monthly mortgage payments to Chase.

6. On March 23, 2009, California Reconveyance issued a notice of default stating that payments totaling $81,475.46 were due. *See Notice of Default dated March 23, 2009 attached hereto as Exhibit A.*

7. On or about March 2, 2010, I received notice from Chase that I qualified for a Trial Plan Agreement. The agreement provided for a trial payment starting March 1, 2010. *See Trial Loan Modification Notice dated March 2, 2010 and attached hereto as Exhibit B.*

8. The Trial Plan agreement dated March 2, 2010 was unsigned and required payments starting March 1, 2010.

9. Because the Trial Plan erroneously required payment after the letter was sent out, I immediately requested a new Trial Plan.

10. On or about March 8, 2010, I received a revised Trial Plan Agreement (hereinafter "Trial Plan") providing for three trial payments of $7,986.21. *See Trial Plan Agreement dated March 8, 2010 and attached hereto as Exhibit C.*

11. The payment schedule stated in the Trial Plan provided for the following payments:

   a. 04/01/2010 $7,986.21

   b. 05/01/2010 $7,986.21

   c. 06/01/2010 $7,986.21

12. The Trial Plan provided "After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as

**TENTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING**

96. Plaintiff incorporates the allegations in Paragraphs 1 through 95 above as though fully set forth herein.

97. In conscious disregard for Plaintiff's contractual rights said Defendants have intentionally subjected Plaintiff to cruel and unjust hardship as repeatedly alleged hereinabove.

98. As alleged hereinabove, Defendants, virtually from the inception of the agreement misled, deceived and willfully and intentionally breached the implied warranty of good faith and fair dealing owed Plaintiff under California law.

99. The aforesaid willful, wrongful, deceitful, false and illegal representations and oppressive tactics, acts and conduct by Defendants constituted breach of the implied warranty of good faith and were done to harm and injure Plaintiff.

//

//

//

//

//

//

//

//

//

//

//

77. As a proximate result of the negligent conduct of Defendant as herein alleged, Plaintiff was prevented from seeking alternatives to foreclosure and was induced into making trial payments that had no effect on their eligibility for a final modification. As such, Plaintiff has been damaged in an amount to be proven at the time of trial.

**SEVENTH CAUSE OF ACTION**

**RESTITUTION**

78. Plaintiff incorporates the allegations in Paragraphs 1 through 77 above as though fully set forth herein.

79. Defendants knew that Plaintiff was prepared to pay trial plan payments under the Trial Loan Modification.

80. Defendants provided Plaintiff with a Trial Plan and indicated "CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount." *See Trial Plan attached hereto as Exhibit C.*

81. Plaintiff was told that they would be provided with a Modification Agreement as long as they paid according to the terms of the plan.

82. Even after Defendants denied Plaintiff for a modification claiming that all the required documents were not provided, Plaintiff continued to make trial payments once Defendants again offered to provide a Final Loan Modification.

83. Plaintiff expended a considerable amount of time and energy in providing the documents requested by Defendants and made numerous payments that would not have been paid had Defendants not been offered a loan modification.

84. Plaintiff has been directly damaged by Defendants' promise to provide a modification and accepting several months of payments with the intention of never considering Plaintiff for

induce monthly payments from Plaintiff as Defendants completed the necessary

paperwork to foreclose on the property.

## SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

71. Plaintiff hereby incorporates as if re-written all of the allegations, statements, and matters set forth in paragraphs 1 through 70, as though fully set forth herein, and further state:

72. Plaintiff alleges that the Defendants represented to Plaintiff that Plaintiff qualified for a loan modification as long as he completed the required monthly payments and provided any requested documentation.

73. Plaintiff is informed and believes and based thereon alleges that the representations made by Defendants were in fact false. Defendants never intended to offer Plaintiff a final modification.

74. Plaintiff is informed and believes and based thereon alleges that when Defendants made these representations, they knew them to be false and made these representations with the intention to induce Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectations that Plaintiffs would so act.

75. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these representation, Plaintiff was induced to and did agree to loan modification program and did agree to make the monthly installment payments,

76. The aforementioned conduct of the Defendants was a negligent misrepresentation of material fact known to the Defendants with the intention on the part of the Defendants thereby depriving Plaintiff of his property and legal rights.

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE CO

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE CO
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800 892-6902
(818)775-2258 (Fax)

The following copy of the original of which was filed for record on 03/24/2009 in the office of the County Recorder of the County set forth below is sent to you in as much as an examination of the title of the trust property shows you may have an interest in the Trustee's Sale Proceedings.

CALIFORNIA RECONVEYANCE COMPANY, Trustee

---

Trustee Sale No. 232460CA Loan No. 3010562076 Title Order No. 602123149

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $81,475.46 as of 03/23/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the above paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

Trustee Sale No. 232408CA Loan No. 3010582076 Title Order No. 602123149

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: JPMorgan Chase Bank, National Assocation at 7301 BAYMEADOWS WAY JACKSONVILLE FL 32256 (877) 926-8937.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: CALIFORNIA RECONVEYANCE COMPANY is the duly appointed Trustee under a Deed of Trust dated 08/31/2006, executed by AMRO A. ALBANNA AND, ROWENA L. ALBANNA, HUSBAND AND WIFE AS JOINT TENANTS, as trustor, to secure obligations in favor of WASHINGTON MUTUAL BANK, FA, as Beneficiary Recorded 09/07/2006, Book , Page , Instrument 2006-0662824 of official records in the Office of the Recorder of RIVERSIDE County, California, as more fully described on said Deed of Trust. APN: 252-310-035-1 Situs: 5902 CLARIDGE DRIVE, , RIVERSIDE, CA 92506 including the note(s) for the sum of $2,030,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE 10/01/2008 MONTHLY INSTALLMENT OF INTEREST, LATE CHARGES AND OTHER CHARGES AS DESCRIBED IN THE BILLING STATEMENT FOR SAID MONTHLY BILLING; AND ALL SUBSEQUENT MONTHLY INSTALLMENTS OF INTEREST, LATE CHARGES AND OTHER CHARGES AS DESCRIBED IN THE BILLING STATEMENT FOR EACH MONTHLY BILLING CYCLE.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DATE: 03/23/2009

California Reconveyance Company, as Trustee

Original document is signed

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT B

CHASE

9200 Oakdale Ave, 4th Floor
Chatsworth, CA 91311

03/02/10

AMRO A ALBANNA and ROWENA L ALBANNA
PO BOX 5939
RIVERSIDE CA 92517

WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WE HAVE TOLD A CREDIT BUREAU ABOUT A LATE PAYMENT, MISSED PAYMENT OR OTHER DEFAULT ON YOUR ACCOUNT. THIS INFORMATION MAY BE REFLECTED IN YOUR CREDIT REPORT.

RE: Chase Loan Number: 3010562076
Dear AMRO A ALBANNA and ROWENA L ALBANNA:

We understand you're experiencing some financial hardship that has resulted in you falling behind on your home loan payments. We at Chase are able to offer you some financial assistance.

Since you have told us you're committed to pursuing a stay-in-home option, you have been approved for a Trial Plan Agreement. If you comply with all the terms of this Agreement, we'll consider a permanent workout solution for your loan once the Trial Plan has been completed.

Please sign and return the Trial Plan Agreement. We must receive the signed Agreement at the following address on or before 04/02/2010:

Chase Home Lending
4500 Cherry Creek Drive South
Suite 410
Glendale, CO 80246

You may also fax your signed agreement to us at 866-282-5682.

Thank you for your cooperation. If you have any questions, you can call me at 1-800-848-9380, extension 01516.

Sincerely,

Cheryl Nicolas
Loan Workout Specialist
Loss Mitigation Department
Chase Bank

Enclosure

Loan Number: 3010562076

TRIAL PLAN AGREEMENT

- Your loan is now due for the months of 10/01/08 to02/01/2010.
- We must receive the initial payment of $7692.54 in certified funds along with your signed Trial Plan Agreement ("Agreement") by 03/01/2010. After that, the payment schedule outlined below must be followed. If you do not make your payments on time, this Agreement will be in breach and foreclosure activity will resume.

Your payments must be received in our office on or before the following dates:

| | |
|---|---|
| $7692.54 | 03/01/2010 |
| $7692.54 | 04/01/2010 |
| $7692.54 | 05/01/2010 |

Payments are subject to change due to escrow analysis and or interest rate changes, if applicable. If you are notified of a payment adjustment, please contact our office immediately so we can adjust the terms of your Agreement accordingly. If all payments are made as scheduled, we will reevaluate your application for assistance and determine if we are able to offer you a permanent workout solution to bring your loan current.

All of the original terms of your loan remain in full force and effect, unless specifically mentioned within this Agreement. If any part of this Agreement is breached, Chase has the option to terminate the Agreement and begin or resume foreclosure proceedings pursuant to your loan documents and applicable law.

You acknowledge that in the event you file a petition bankruptcy, Chase may elect to take any and all actions necessary, including but not limited to voiding this Agreement, filing a Motion for relief from the automatic stay or a Motion to dismiss or any permitted state law remedies, which in Chase's judgment are reasonably necessary to secure or protect our security, the value of the security and/or to enforce our rights under the original terms of your loan.

I/We agree to the above Agreement and will make payments as outlined above. I/We understand that foreclosure action can be taken if the terms of this Agreement are not met.

| | |
|---|---|
| AMRO A ALBANNA | Date |
| ROWENA L ALBANNA | Date |

# EXHIBIT C

Loan Number 3010562076

CHASE HOME FINANCE LLC
2210 ENTERPRISE DRIVE
FLORENCE, SC 29501-1109

MARCH 08, 2010

AMRO A ALBANNA AND ROWENA L ALBANNA
PO BOX 5939
RIVERSIDE, CALIFORNIA 92517-5939

Trial Plan Agreement
Account: 3010562076
Property Address: 5902 CLARIDGE DR
RIVERSIDE, CALIFORNIA 92506

Dear Mortgagor(s):

Chase Home Finance LLC ("CHASE") wants to help you stay in your home. We offer various programs for customers who are experiencing hardships that prevent them from making their home loan payments. We are writing regarding your recent request for a loan modification on the above-referenced account. This letter is to notify you that we have received and reviewed your verification of income documentation.

The required first payment of $7,986.21 must be made using the payment coupons enclosed, sent in the form of check, certified funds, or cashier's check payable to **CHASE PAYMENT PROCESSING**, and mailed to the following address by **APRIL 01, 2010**. Please ensure that your account number appears on your payment. We recommend that you send payment via certified mail for delivery confirmation.

Overnight/Regular Mail: CHASE PAYMENT PROCESSING
PO BOX 78148
PHOENIX AZ 85062-8148

**Please note that the Trial Plan will not be valid until the first payment is received by CHASE as indicated above.** If the first payment is not received at the above address within the specified time frame, collection and/or foreclosure action may commence or continue.

Once the Trial Period Plan begins on your account, if you do not meet the terms of this Plan, please remember CHASE may, without further notice to you, terminate the Plan and commence or continue collection and/or foreclosure proceedings according to the terms of your Note and Security Instrument. **Note that the Trial Period Plan will not bring your account current.** CHASE reserves the right to determine the final amounts of the unpaid interest and any other delinquent amounts (except late charges) to be added to your loan balance in order to determine a new payment amount. After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount.

We have detailed the proposed payment schedule below. Please note that CHASE may find it necessary to increase your regular monthly payment during this period to cover escrow disbursements. Please adjust your payments accordingly.

3 + 4 5 + 3 0 1 0 5 6 2 0 7 6 + 1 + 4 8 R

Trustee Sale No. 232400CA   Loan No. 3010562076   Title Order No. 602123149

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: JPMorgan Chase Bank, National Association, at 7301 BAYMEADOWS WAY , JACKSONVILLE, FL 32256, (877) 926-8937.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.  NOTICE IS HEREBY GIVEN THAT: CALIFORNIA RECONVEYANCE COMPANY is the duly appointed Trustee under a Deed of Trust dated 08/31/2006, executed by AMRO A. ALBANNA AND, ROWENA L. ALBANNA, HUSBAND AND WIFE AS JOINT TENANTS, as trustor, to secure obligations in favor of WASHINGTON MUTUAL BANK, FA, as Beneficiary Recorded 09/07/2006, Book , Page , Instrument 2006-0662824 of official records in the Office of the Recorder of RIVERSIDE County, California, as more fully described on said Deed of Trust. APN: 252-310-035-1 Situs: 5902 CLARIDGE DRIVE, , RIVERSIDE, CA 92506 Including the note(s) for the sum of $2,030,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE 10/01/2008 MONTHLY INSTALLMENT OF INTEREST, LATE CHARGES AND OTHER CHARGES AS DESCRIBED IN THE BILLING STATEMENT FOR SAID MONTHLY BILLING; AND ALL SUBSEQUENT MONTHLY INSTALLMENTS OF INTEREST, LATE CHARGES AND OTHER CHARGES AS DESCRIBED IN THE BILLING STATEMENT FOR EACH MONTHLY BILLING CYCLE.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of §2935.5.

DATE: March 23, 2009

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

Colleen Irby, Assistant Secretary

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Loan Number 3010562076

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.**

In Witness Whereof, the Lender has executed this Plan.

CHASE HOME FINANCE LLC
Lender

By: [signature]

MARCH 08, 2010
Date

# EXHIBIT D

Chase Fulfillment Center
PO Box 469030
Glendale, CO 80246-9030

CHASE

July 22, 2010

Amro A Albanna
Rowena L Albanna
5902 Claridge Dr
Riverside CA 92506

Making Home Affordable Modification Trial Period Plan Offer - Notice of Expiration
Account: 3010562076 (the "Loan")
Property Address: 5902 Claridge Dr
Riverside CA 92506

Dear Mortgagor(s):

Chase Home Finance LLC ("Chase") is writing to notify you that the Trial Period Plan Offer through the Making Home Affordable ("MHA") modification program for the above-referenced account has expired for the following reason(s):

( ) We are unable to offer you a Home Affordable Modification because you did not make all of the required Trial Period Plan payments by the end of the trial period.

(X) We are unable to offer you a Home Affordable Modification because you did not provide us with the documents we requested. A notice, which listed the specific documents we needed and the time frame required to provide them, was sent to you previously.

If you were previously on a Trial Period Plan making reduced payments, please be advised that the actual payment status under the original terms of your Loan will begin to be reported to the credit bureaus, which may result in negative credit reporting if you do not cure any delinquency. In addition, if your Loan was in foreclosure at the time of the Trial Period Plan Offer, the foreclosure process may resume without further notice.

We may be able to offer other alternatives to help avoid the negative impact a possible foreclosure may have on your credit rating, the risk of a deficiency judgment being filed against you, and the possible adverse tax effects of a foreclosure on your Property, but we need to talk with you to determine which option might best fit your needs. If you are interested in discussing these possible alternatives, please contact our Homeowner's Assistance Department immediately at (888) 708-7105.

If you intend to retain the Property and cannot cure a delinquency, one of the following workout options may be available for you to consider:

- Forbearance Plan: A temporary reduction in your current payment to provide time for you to improve your financial circumstances.

- Repayment Plan: An agreement structured to cure the delinquency over a period of months while continuing to make contractual payments.

- Refinancing Settlement: Use of an external lender to pay off the Loan, possibly for less than the full amount owed.

If you do not intend to retain the Property and cannot cure a delinquency, one of the following workout options may be available to you under the Home Affordable Foreclosure Alternative ("HAFA") program:

- Short Sale of the Property where we may accept less than the full amount owed.*

- Deed-in-Lieu of Foreclosure whereby you deed the Property to your servicer in exchange for forgiveness of all or a portion of the Loan.*

* Forgiveness of debt may have federal tax consequences. Consult with a tax professional.

You have thirty (30) days from the date of this letter to contact Chase to discuss the reason for non-approval under the Home Affordable Modification Program or to discuss alternative loss mitigation options that may be available to you. Your loan may be referred to Foreclosure during this this thirty (30) day period.

If your account was not escrowed prior to the trial period, we will at our option either require escrows on your loan account, or adjust your payment to repay any advances made on your behalf over a repayment period of not less than twelve (12) months. If your account was previously escrowed, your escrow account will remain in effect.

Chase offers homeownership counseling services to borrowers in some areas. Counseling is also available through a variety of nonprofit organizations experienced in homeownership counseling and approved by the Secretary of Housing and Urban Development (HUD). A listing of such organizations may be obtained by calling the HOPE Hotline Number: (888) 995-HOPE. Assistance is free of charge. Speak to HUD-approved housing counselors in understanding the Borrower Notice by asking for "MHA help."

If you have any questions, please contact your relationship manager or call the number provided below. At Chase, we value you as a customer and want to ensure you understand your options.

Sincerely,
Homeowner's Assistance Department
Chase Home Finance LLC
(888) 708-7105
(800) 582-0542 TDD/Text Telephone
(866) 221-1019 Fax

An important reminder for all our customers: As stated in the "Questions and Answers for Borrowers about the Homeowner Affordability and Stablilty Plan" distributed by the Obama Administration, "Borrowers should beware of any organization that attempts to charge a fee for housing counseling or modification of a delinquent loan, especially if they require a fee in advance." Loan modification scams should be reported to PreventLoanScams.org, or by calling (888) 995-HOPE. Chase offers loan modification assistance free of charge (i.e., no modification fee required). Please call us immediately at (888) 708-7105 to discuss your options. The longer you delay, the fewer options you may have.

Chase Home Finance LLC is attempting to collect a debt, and any information obtained will be used for that purpose.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

FOR CALIFORNIA CUSTOMERS ONLY:

- For California customers, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission toll-free at (877) FTC-HELP or www.ftc.gov.

OP182

PBL

# EXHIBIT E

Loan Number 3010562076

Chase Fulfillment Center
PO BOX 469030
Glendale, CO 80246-9030

CHASE

October 28, 2010

AMRO A ALBANNA AND ROWENA L ALBANNA
5902 CLARIDGE DR
RIVERSIDE, CALIFORNIA 92506

Statement of Eligibility for Loan Modification
Account: 3010562076 (the "Loan")
Property Address: 5902 CLARIDGE DR
RIVERSIDE, CALIFORNIA 92506

Dear Mortgagor(s):

We are writing about your request for a permanent mortgage loan modification on the account above. We are unable to offer you a modification through the federal Home Affordable Modification Program (HAMP) or any Chase modification programs for the following reason(s):

We are unable to offer you a Home Affordable Modification because the current unpaid principal balance on your Loan is higher than the program limit. ($729,750 for a one unit property, $934,200 for a two unit property, $1,129,250 for a three unit property and $1,403,400 for a four unit property).

The Home Affordable Modification Program requires a calculation of the Net Present Value (NPV) of a modification using a formula developed by the Department of the Treasury. The NPV calculation requires us to input certain financial information about your income and your Loan including the factors listed below. When combined with other data in the Treasury model, these inputs estimate the cash flow the investor (owner) of your Loan is likely to receive if the Loan is modified and the investor's cash flow if the Loan is not modified. Based on the NPV results, the owner of your Loan has not approved a modification.

If we receive a request from you within thirty (30) calendar days from the date of this letter, we will provide you with the date the NPV calculation was completed and the input values noted below. If, within thirty (30) calendar days of receiving this information you provide us with evidence that any of these input values are inaccurate, and those inaccuracies are material, for example a significant difference in your gross monthly income or an inaccurate zip code, we will conduct a new NPV evaluation. While there is no guarantee that a new NPV evaluation will result in the owner of your Loan approving a modification, we want to ensure that the NPV evaluation is based on accurate information.

Available NPV Inputs:

A. Unpaid balance on the original Loan as of the date we reviewed your Loan
B. Interest rate before modification as of the date we reviewed your Loan
C. Months delinquent as of the date we reviewed your Loan
D. Next ARM reset date (if applicable)
E. Next ARM reset rate (if applicable)

Loan Number 3010562076

F. Principal and interest payment before modification
G. Monthly insurance payment
H. Monthly real estate taxes
I. Monthly Homeowner Association fees (if applicable)
J. Monthly gross income
K. Borrower's Total Monthly Obligations
L. Borrower FICO
M. Co-borrower FICO (if applicable)
N. Zip Code
O. State

We are unable to offer you a Home Affordable Modification because we are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your Loan beyond the requirements of the program.

**Your next steps**
Unless a denial reason above has a different timeline, you have **30 days from the date of this letter** to call us to discuss the reason(s) for the loan modification denial and any other loss mitigation options that may still be available based on your specific situation.

Please note: Your loan may be referred to foreclosure during this 30-day period or any pending foreclosure action may continue. However, no foreclosure sale will be held and you will not lose your home during this period.

If you cannot qualify for a modification, you have only a few remaining options for your property.

**If you want to keep your property:**

- Your account must be brought current, or you can refinance your loan with another bank. These options may be difficult if your financial situation has not improved or you do not have substantial equity in your property to refinance.

**If your account is not brought current or unless you refinance, you have two remaining options to avoid a foreclosure sale:**

- **Short sale:** If you are eligible for this option, you will have a limited period of time—about 120 days—to list your house for sale. You can continue to live in your home during this time. At the time your house sells (depending on the offer price, net proceeds amount, costs and fees of the proposed short sale transaction) we may agree to take less than the full amount you owe us to satisfy some or all of your account debt.*
- **Deed-in-lieu of foreclosure:** We offer this option in limited cases, usually when a homeowner is not able to complete a short sale. If you are eligible, we agree to accept the title to your house to satisfy some or all of the debt you owe us.* You do not have to list the property for sale. You must be able to convey a clear and marketable title to your property, and vacate it once the title is transferred.

*Forgiveness of debt may have federal tax consequences. Consult with a tax professional.

**Information about the Home Affordable Foreclosure Alternatives Program (HAFA), including an important deadline**
If you are interested in a short sale to try to avoid foreclosure, please call us **within 14 days** of the date on this letter so we can determine if you are eligible for the Home Affordable Foreclosure Alternatives Program. **Important! If you do not call us by the deadline, you will not be eligible for HAFA**, but you still may qualify for other short sale or deed-in-lieu programs.

Here are additional details about the program:

Loan Number 3010562076

- HAFA is offered with the U.S. Department of the Treasury to homeowners who meet basic Home Affordable Modification Program (HAMP) eligibility requirements, but cannot qualify for a modification because of financial constraints.
- HAFA gives homeowners special benefits, including cash to help with relocation after a property is sold.

**Escrow Information**
If your existing Loan did not include escrows, Chase may have started to review your property tax and insurance obligations in order to establish an escrow account. As a result, we may have paid items on your behalf. We may at our option continue to now require escrows on your account, or require that you repay any advances over no less than twelve (12) months. You will be responsible for any past due tax or insurance obligations and all items going forward. If your account was previously escrowed, your escrow account will remain in effect.

**Federal disclosures**
Please see the following disclosures, which the federal government requires we share with you.

We may have ordered a property valuation as part of our modification evaluation. You have the right to a copy of the property valuation used in connection with our decision on your request for a modification. If you wish to receive a copy, please write to us within ninety (90) days of the date of this notification at the following address:

Chase Imminent Default
One Chase Square
Unit 12
Rochester, NY 14643

Please include your name, address, and loan number in your request letter.

Our credit decision was based in whole or in part on information compiled from reports obtained from one or more of the three consumer reporting agencies listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. These reporting agencies played no part in our decision and are unable to supply specific reasons we have denied credit to you. You have a right to receive a free copy of your report from these reporting agencies, if you request it no later than sixty (60) days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the applicable reporting agency by contacting that agency at the number provided below:

Equifax: PO BOX 740241
Atlanta, GA 30374-0241
(800) 685-1111

Experian: PO BOX 2002
Allen, TX 75013
(888) 397-3742

TransUnion: PO BOX 1000
Chester, PA 19022
(800) 888-4213

Loan Number 3010582076

EQUAL CREDIT OPPORTUNITY NOTICE

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Street, Suite 3450, Houston, Texas 77010-9050.

**We're here to help**
Please call us at (888) 708-7105 to discuss your remaining options. We also offer homeownership counseling services to borrowers in some areas. Or, you can call the U.S. Department of the Treasury-sponsored **HOPE Hotline Number (888) 995-HOPE**; ask for "**MHA Help**" to get free assistance.

Sincerely,
Homeowner's Assistance Department
Chase Home Finance LLC
(888) 708-7105
(800) 582-0542 TDD / Text Telephone
(866) 221-1019 Fax

**We are a debt collector.**

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Benjamin Yrungaray (SBN 256224)
3637 Arlington Ave. Suite D
Riverside, CA 92506

TELEPHONE NO.: (951) 801-5570 FAX NO.: (877) 932-6223

ATTORNEY FOR (Name): Amro Albanna

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Historic Courthouse

CASE NAME:
Amro Albanna v. JP Morgan Chase Bank N.A. and California Reconveyan

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: RIC 1210536

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1\. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2\. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3\. Remedies sought *(check all that apply)*: a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c.[✓] punitive

4\. Number of causes of action *(specify)*: 10

5\. This case [ ] is [ ] is not a class action suit.

6\. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/12/12

Benjamin Yrungaray
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Benjamin Yrungaray (Bar No. 256224)
**DE NOVO LAW FIRM**
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone: (951) 801-5570
Facsimile: (877) 932-6223

*Attorney for Plaintiff*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 12 2012
J. ALVAREZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| ROWENA ALBANNA, an individual<br>Plaintiff,<br>v.<br>JP MORGAN CHASE BANK N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br>Defendants/Respondents | Case No.: RIC 1210536<br>Judge:<br>**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br>Date: July 13, 2012<br>Time: 930<br>Place: Dept. 2 |

AMRO ALBANNA ("Plaintiff"), moves this Court ex parte for a temporary restraining order pursuant to section 527 of the California Code of Civil Procedure stopping the foreclosure of their home, scheduled for July 16, 2012, until a motion for preliminary injunction is granted or denied. Plaintiffs have filed with this Court a Verified Complaint containing their allegations against Defendants JP Morgan Chase Bank N.A. and California Reconveyance Company (collectively "Defendants"). Plaintiff seeks to enjoin Defendants from foreclosing on their house in direct violation of a contract entered into by Defendants and Plaintiff. Plaintiffs incorporate by reference all of the allegations in the Verified Complaint, including all exhibits referenced therein. This application is further supported by the Memorandum in Support of Ex Parte Application for Temporary Restraining Order, the Declaration of Rowena Albanna, and any oral arguments the Court may entertain, and any other evidence the Court may request.

Defendant's registered agent in California's address is: CT Corporation System, 818 W Seventh St, Los Angeles, CA 90017.

Dated this 12th day of July 2012

**DE NOVO LAW FIRM**

Benjamin Yrungaray
*Attorney for Plaintiffs*

Benjamin Yrungaray (Bar No. 256224)
**DE NOVO LAW FIRM**
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone: (714) 617-8305
Facsimile: (866) 534-7049

*Attorney for Plaintiff*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 12 2012
J. ALVAREZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| AMRO ALBANNA, an individual<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants/Respondents | Case No.: RIC 1210536<br>Judge:<br><br>**MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:<br>Time:<br>Dept.: |

AMRO ALBANNA ("Plaintiff"), respectively files this *Memorandum in Support of Ex Parte Application for Temporary Restraining Order*, asking the Court to enjoin Defendant JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1-25 (collectively "Defendants") from foreclosing on their property.

**I. Legal Authority & Standard for Temporary Restraining Order**

"[T]rial courts should evaluate two interrelated factors when deciding whether or not to issue [a restraining order]. The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the [restraining order] were denied as compared to the harm that the defendant is likely to suffer if the [order] were issued." *Church of Christ in Hollywood v. Superior Court*, 99 Cal.App.4th 1244, 1251 (citations omitted).

**Plaintiffs Are Likely to Succeed On the Merits of Their Verified Complaint**

As can be seen by Plaintiffs' Verified Complaint, Plaintiff entered into a contract with Defendants. Defendants agreed in a signed Trial Plan to provide a permanent modification should Plaintiff complete the Trial Plan. The agreement provides "After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount." *See Signed Trial Plan Agreement dated March 8, 2010 and attached hereto as Exhibit A*. Defendants then erroneously denied Plaintiff's request for a modification stating that Plaintiff failed to provide requested documents. However, Plaintiff timely provided all requested documents and made all trial payments. Therefore, Plaintiff was entitled to a final loan modification under the Trial Plan.

Not only is this a clear violation of the contract, but it also demonstrates bad faith, intentional misrepresentation, negligent misrepresentation, and a violation of California Business and Professions Code §17200 as Defendants never intended to offer Plaintiff a modification but only offered the Trial Plan as a way to extort additional money from Plaintiff. Defendants drafted and signed the agreements, knowing Plaintiffs would reasonably rely on them and yet Defendants have arbitrarily canceled the agreement and refuse to honor the terms of the Trial Plan.

**III. The Harm Inflicted on Plaintiffs in Denying a Temporary Restraining Order Outweighs the Harm That May Be Inflicted on Defendant in Granting A Temporary Restraining Order.**

Plaintiff faces foreclosure of her property on March 5, 2012. Because the agreement concerns Plaintiff's real property, plaintiff will suffer severe and irreparable injury should plaintiffs be allowed to foreclose. Under California law, property is recognized as unique. *See, e.g., Real Estate Analytics, LLC v. Vallas*, 160 Cal.App.4th 463, 466 (2008). Therefore, any future monetary damages for Defendant's breach will not replace their unique property. Further, there is little risk of harm to defendants as plaintiff willingly made trial payments and defendants

stand to lose more money in a foreclosure sale. The potential injury to Plaintiff greatly outweighs that of Defendants.

**CONCLUSION**

For the foregoing reasons, Plaintiffs ask that this Court grant its Application for a Temporary Restraining Order.

Dated this 12th day of July 2012

**DE NOVO LAW FIRM**

Benjamin Yrungaray
*Attorney for Plaintiffs*

Benjamin Yrungaray (Bar No. 256224)
**DE NOVO LAW FIRM**
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone: (951) 801-5570
Facsimile: (877) 932-6223

*Attorney for Plaintiff*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 12 2012

J. ALVAREZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| AMRO ALBANNA, an individual<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants/Respondents | Case No.: RIC 1210536<br><br>Judge:<br><br>**AFFIDAVIT OF AMRO ALBANNA IN SUPPORT OF EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER** |

//

//

//

//

//

//

//

//

1. I am the bona fide purchaser of the subject property (hereinafter referred to as the "PROPERTY") at-issue in this action, commonly referred to as 5902 Claridge Drive, Riverside, California, 92506.

2.  The Current Market value of the Property is estimated at $1,300,000.

3.  I began construction on the Property in 2002 and completed construction in 2004.

4.  I refinanced the property on or around 2006, with a first deed of trust secured by Washington Mutual.

5.  On or about October 2008, I fell behind on monthly mortgage payments to Chase.

6.  On March 23, 2009, California Reconveyance issued a notice of default stating that payments totaling $81,475.46 were due. *See Notice of Default dated March 23, 2009 attached hereto as Exhibit A.*

7.  On or about March 2, 2010, I received notice from Chase that I qualified for a Trial Plan Agreement. The agreement provided for a trial payment starting March 1, 2010. *See Trial Loan Modification Notice dated March 2, 2010 and attached hereto as Exhibit B.*

8.  The Trial Plan agreement dated March 2, 2010 was unsigned and required payments starting March 1, 2010.

9.  Because the Trial Plan erroneously required payment after the letter was sent out, I immediately requested a new Trial Plan.

10. On or about March 8, 2010, I received a revised Trial Plan Agreement (hereinafter "Trial Plan") providing for three trial payments of $7,986.21. *See Trial Plan Agreement dated March 8, 2010 and attached hereto as Exhibit C.*

11. The payment schedule stated in the Trial Plan provided for the following payments:

    a.  04/01/2010          $7,986.21

    b.  05/01/2010          $7,986.21

    c.  06/01/2010          $7,986.21

12. The Trial Plan provided "After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as

necessary to reflect this new payment amount." *Id.*

13. I was informed and believed if I complied with the trial payment plans and provided all requested documentation, Defendants would provide a final loan modification according to the same terms as the Trial Plan.

14. I made all three monthly payments on time and provided all the requested documents.

15. On or about July 22, 2010, Defendants denied my request for a loan modification stating that I had not provided all the requested documentation. *See Denial Letter from Chase dated July 22, 2010 and attached hereto as Exhibit D.*

16. I immediately appealed to the Office of the Comptroller of the Currency, stating that all required documents had been provided in addition to the required monthly payments.

17. As a result of the appeal, Chase re-opened the trial modification and required additional monthly payments.

18. On or about October 28, 2010, I received a letter from Chase denying my eligibility for a loan modification stating that "the current unpaid principal balance on your Loan is higher than the program limit." *See Letter from Chase dated October 28, 2010 attached hereto as Exhibit E.*

19. The unpaid principal balance on the loan did not significantly change from the time I applied for a loan modification and when I was given a trial modification.

20. Chase guaranteed a loan modification as long as I made the required payments and provided all the requested documentation.

21. I relied on the material representations of Defendants regarding the Trial Plan.

22. I complied with all the terms and conditions and paid the monthly trial payments as stated in the Trial Plan.

23. I expended considerable time and energy in furtherance of obtaining a final loan

modification.

24. I made several financial disclosures according to the demands made by Defendants.

25. Despite the approved trial modification and promise of a final modification, California Reconveyance never rescinded the notice of default and has since issued a notice of sale on the Property.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 12th day of July 2012

Riverside County, California

Amro Albanna

Benjamin Yrungaray (Bar No. 256224)
**DE NOVO LAW FIRM**
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone: (714) 617-8305
Facsimile: (866) 534-7049

*Attorney for Plaintiff*

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 12 2012

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| AMRO ALBANNA, an individual<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants/Respondents | Case No. RIC 1210536<br>Judge:<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Location: |

**To Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company:**

Based on the Complaint on file herein and Declaration of Amro Albanna served and filed herewith,

YOU AND EACH OF YOU ARE HERERBY ORDERED TO SHOW CAUSE AT __________ on __________, or as soon thereafter as counsel may be heard in Department ___ of the above-entitled Court, located at 4050 Main Street, Riverside, CA 92501, why you, your agents, servants, assigns and all those acting in concert with you, should not be restrained and enjoined pending trial of this action from foreclosing on the property located at 5902 Claridge Dr., Riverside, CA 92506

PENDING HEARING on the above Order to Show Cause, you, your agents, servants,

assigns and all those acting in concert with you, ARE HEREBY RESTRAINED AND ENJOINED from conducting a foreclosure sale on the property located at 5902 Claridge Dr., Riverside, CA 92506.

This Order to Show Cause and supporting papers shall be served on Defendants no later than ____________ by ________________. Proof of such service shall be filed and delivered in the manner provided by California Code of Civil Procedure §527.

The following briefing schedule shall apply: Any opposition papers to the OSC shall be filed and served on Plaintiffs no later than ______________. Any reply papers to such opposition shall be filed and served on Defendants no later than ________________.

(If applicable) The restraining order granted herein shall expire on

_______________________.

DATED this ____ day of ____ 2012.

By: ________________________
The Honorable Judge
of the Superior Court of California

# RIVERSIDE SUPERIOR COURT
PUBLIC ACCESS

Print This Report

Close This Window

## Minute Order

### Case RIC1210536 - ALBANNA VS JP MORGAN CHASE BANK NA

### EX PARTE HEARING RE TEMPORARY RESTRAINING ORDER.
### 07/13/2012 9:30 AM DEPT. 12

HONORABLE COMMISSIONER PAULETTE DURAND-BARKLEY, PRESIDING
CLERK: L. HOWELL
COURT REPORTER: D. RODRIGUEZ
AMRO ALBANNA REPRESENTED BY DE NOVO LAW FIRM - BENJAMIN YRUNGARAY PRESENT.
TEMPORARY RESTRAINING ORDER GRANTED.
TRO TO ISSUE
OSC TO ISSUE
HEARING ON PRELIMINARY INJUNCTION SET ON 08/03/12 AT 09:00 IN DEPT. 12.
AMRO ALBANNA TO FILE AND SERVE MOVING PAPERS AND ORDER BY 07/13/12
SERVICE TO BE COMPLETED ON 7/13/12 BY 4:00 P.M.
OPPOSITION TO BE FILED ON OR BEFORE 07/25/12.
REPLY TO BE FILED ON OR BEFORE 07/31/12.
BOND ORDERED IN THE AMOUNT OF $10,000.00 AND DUE NO LATER THAN MONDAY, JULY 16, 2012.
FORMAL ORDER SIGNED IN COURT.

Riverside Public Access 5.7.5 © 2012 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

 

**BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
Jonathan M. Hurst, California Bar No. 272142
3161 Michelson Dr., Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.and
CALIFORNIA RECONVEYANCE COMPANY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 18 2012

D. BARRAZA

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| AMRO ALBANNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: RIC 1210536<br><br>Hon. Ronald L. Taylor<br>Department 6<br><br>**CALIFORNIA RECONVEYANCE COMPANY'S DECLARATION OF NON-MONETARY STATUS**<br><br>Complaint Filed: July 12, 2012<br>Trial Date: Not Assigned |

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

I, Huey-Jen Chiu, declare:

1. I have personal knowledge of the facts contained in this declaration and, if called as a witness, could and would competently testify to them.

2. I am an officer of California Reconveyance Company.

3. The subject matter of this litigation is a Deed of Trust under which California Reconveyance Company is trustee. The Deed of Trust was recorded September 7, 2006, in the Official Records, Recorder's Office, Riverside County, as instrument number 2006-0662824. California Reconveyance Company has not been named as a defendant due to any acts or omissions on its part in the performance of its duties as trustee.

4. California Reconveyance Company believes, based on the Complaint, that it has been named in this proceeding solely in its capacity as a trustee under the Deed of Trust. It maintains a reasonable belief that it has not been named as a defendant due to any acts or omissions on its part in the performance of its duties as trustee. The basis for that belief is that the facts alleged in the Complaint relate to an alleged agreement to modify the terms of Plaintiff Amro Albanna's home loan by defendant JPMorgan Chase Bank, N.A. Except for its handling of the non-judicial foreclosure, California Reconveyance Company has no involvement with Plaintiff's loan. California Reconveyance Company's acts in commencing and proceeding with the foreclosure proceedings are privileged under Civil Code § 2924(d), and Civil Code § 47.

5. California Reconveyance Company agrees to be bound by whatever non-monetary order or judgment is issued by the court regarding the subject deed of trust.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2012, at Chatsworth, California.

HUEY-JEN CHIU
CALIFORNIA RECONVEYANCE COMPANY

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: **theresa.macaulay@bryancave.com**

On ***July 18, 2012***, I served the foregoing document(s) described as:

**CALIFORNIA RECONVEYANCE COMPANY'S DECLARATION OF NON-MONETARY STATUS**

on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

Benjamin Yrungaray, Esq.
DE NOVO LAW FIRM
3637 Arlington Ave., Ste. D
Riverside, CA 92506

***Attorneys for Plaintiff, Rowena Albanna***
Phone: (951) 801-5570
Fax: (877) 932-6223
E-mail: byrungaray@denovofirm.com

☒ BY OVERNIGHT DELIVERY - Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

☒ STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ***July 18, 2012***, at Irvine, California.

**Theresa Macaulay**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

COPY

**BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
Jonathan M. Hurst, California Bar No. 272142
3161 Michelson Dr., Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.and
CALIFORNIA RECONVEYANCE COMPANY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 18 2012
D. BARRAZA

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

AMRO ALBANNA, an individual,

Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,

Defendants.

Case No. RIC 1210536

Hon. Ronald L. Taylor
Department 6

**ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO PLAINTIFF'S COMPLAINT**

Complaint Filed: July 12, 2012
Trial Date: Not Assigned

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") answers the Complaint of Plaintiff Amro Albanna as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, JPMorgan denies generally and specifically each and every allegation in Plaintiff's Complaint. JPMorgan further denies Plaintiff has been injured or damaged in any manner or is entitled to any relief of any kind.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, JPMorgan asserts the following affirmative defenses to each and every claim for relief alleged in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

(Lack of Standing)

Plaintiff lacks standing to bring the claims asserted in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

(Compliance with Laws)

The Complaint is barred because JPMorgan acted in full compliance with all applicable laws, statutes, and regulations.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff is not entitled to relief because Plaintiff's claims are barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff is not entitled to relief under the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff is not entitled to relief because Plaintiff comes to this Court with unclean hands.

///

///

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff is not entitled to relief because Plaintiff has waived the right to recover on the claims asserted in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff is estopped to recover on the claims asserted in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

(Consent)

Plaintiff's causes of action are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

**NINTH AFFIRMATIVE DEFENSE**

(Statute of Frauds)

Plaintiff's causes of action are barred, in whole or in part, by the provisions of the Statute of Frauds.

**TENTH AFFIRMATIVE DEFENSE**

(Adequate Legal Remedies)

To the extent that Plaintiff seeks equitable relief, Plaintiff has adequate legal remedies for his purported injuries, if any, resulting from alleged conduct in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Punitive Damages Not Permissible)

Plaintiff is not entitled to recover punitive damages because the claim is unconstitutional or Plaintiff has not set forth sufficient factual or legal basis for the recovery of punitive damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees Not Permissible)

Plaintiff is not entitled to recover attorneys' fees because Plaintiff has not set forth sufficient factual or legal basis for the recovery of attorneys' fees.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

The causes of action asserted against JPMorgan are barred, in whole or in part, because an award on such causes of action would result in unjust enrichment to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Privileged Conduct)

JPMorgan's conduct was privileged under the circumstances.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Non-Parties at Fault)

Any injury, damage, or loss sustained by Plaintiff is due to the fault of Plaintiff or persons other than JPMorgan.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure To Tender Amounts Due)

Plaintiff has not tendered the full amount he owes.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Set-Off)

In the event there is a finding of damages for Plaintiff, such damages should be reduced or offset by any benefits received by Plaintiff under applicable law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff is not entitled to recover on the claims asserted in this action because Plaintiff has failed to mitigate his alleged damages.

///

///

///

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**PRAYER**

WHEREFORE, JPMorgan prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of JPMorgan;
3. For JPMorgan's costs of suit incurred in this action;
4. For JPMorgan's reasonable attorneys' fees, as may be allowed by law; and
5. For such other and further relief as the Court deems just and proper.

Dated: July 18, 2012

**BRYAN CAVE LLP**
Stuart W. Price
Jonathan M. Hurst

By: ______________________
Jonathan M. Hurst
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
CALIFORNIA RECONVEYANCE COMPANY

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: **theresa.macaulay@bryancave.com**

On ***July 18, 2012***, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO PLAINTIFF'S COMPLAINT**

on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Benjamin Yrungaray, Esq.<br>DE NOVO LAW FIRM<br>3637 Arlington Ave., Ste. D<br>Riverside, CA 92506 | ***Attorneys for Plaintiff, Rowena Albanna***<br>Phone: (951) 801-5570<br>Fax: (877) 932-6223<br>E-mail: byrungaray@denovofirm.com |

☒ BY OVERNIGHT DELIVERY - Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

☒ STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ***July 18, 2012***, at Irvine, California.

**Theresa Macaulay**

# RIVERSIDE SUPERIOR COURT
PUBLIC ACCESS

Print This Report

Close This Window

## Minute Order

### Case RIC1210536 - ALBANNA VS JP MORGAN CHASE BANK NA

### COURT ON ITS OWN MOTION: CONTINUANCE OF HEARING
### 07/25/2012 8:00 AM DEPT. 01

HONORABLE JUDGE MAC R. FISHER, PRESIDING
MINUTES ENTERED BY S. HOPKINS-BRIGHT
ON COURT'S OWN MOTION: HEARING ON 8/3/12 IS CONTINUED TO 8/10/12 AT 9:00
IN DEPARTMENT 12.
NOTICE TO BE GIVEN BY CLERK.
NOTICE SENT TO DE NOVO LAW FIRM ON 7/25/12
NOTICE SENT TO BRYAN CAVE LLP ON 7/25/12
PRINT MINUTE ORDER

Riverside Public Access 5.7.5 © 2012 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

# RIVERSIDE SUPERIOR COURT

PUBLIC ACCESS

Print This Report

Close This Window

## Minute Order

**Case RIC1210536 - ALBANNA VS JP MORGAN CHASE BANK NA**

**REJECTED DOCUMENT: REQUEST TO CONTINUE SUBMITTED BY JP MORGAN CHASE BANK NA, CALIFORNIA RECONVEYANCE COMPANY.**

**08/01/2012**

THE COURT IS UNABLE TO PROCESS THE ENCLOSED DOCUMENT(S) FOR THE REASON(S) INDICATED BELOW:

CASE ALREADY CONTINUED TO 8/10/12 PER COURT ORDER.

PROPOSED ORDER SHOULD BE SUBMITTED WITH WRITTEN REQUEST.

REJECT NOTICE PRINTED

Riverside Public Access 5.7.5 © 2012 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
AUG 07 2012
D. Clements

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| AMRO ALBANNA, an individual,<br>Plaintiff,<br>vs.<br>JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,<br>Defendants. | Case No. RIC 1210536<br>Hon. Ronald L. Taylor<br>Department 6<br>**[~~PROPOSED~~] ORDER CONTINUING HEARING ON PRELIMINARY INJUNCTION**<br>Complaint Filed: July 12, 2012<br>Trial Date: Not Assigned |

Having reviewed JPMorgan Chase Bank, N.A.'s Request for Continuance of Preliminary Injunction Hearing, and good cause appearing therefor,

IT IS ORDERED THAT:

1. The hearing on the preliminary injunction set for August 10, 2012 is continued to September 7, 2012.

2. Opposition papers are to be filed by August 24, 2012.

3. Reply papers are to be filed by August 31, 2012.

**IT IS SO ORDERED.**

Dated: 8-3-12

JUDGE OF THE SUPERIOR COURT
DANIEL A. OTTOLIA

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: **theresa.macaulay@bryancave.com**

On ***August 2, 2012***, I served the foregoing document(s) described as:

**[PROPOSED] ORDER CONTINUING HEARING ON PRELIMINARY INJUNCTION**

on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Benjamin Yrungaray, Esq.<br>DE NOVO LAW FIRM<br>3637 Arlington Ave., Ste. D<br>Riverside, CA 92506 | ***Attorneys for Plaintiff, Rowena Albanna***<br>Phone: (951) 801-5570<br>Fax: (877) 932-6223<br>E-mail: byrungaray@denovofirm.com |

☒ BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ***August 2, 2012***, at Irvine, California.

**Theresa Macaulay**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# Exhibit B

**BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
Jonathan M. Hurst, California Bar No. 272142
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
CALIFORNIA RECONVEYANCE COMPANY

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

AMRO ALBANNA, an individual,

Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 20, inclusive,

Defendants.

Case No. RIC 1210536

**NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Hon. Ronald L. Taylor
Department 6

Complaint Filed: July 12, 2012
Trial Date: Not Assigned

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**TO ALL PARTIES AND TO THE CLERK OF THE SUPERIOR COURT:**

**PLEASE TAKE NOTICE** that on August 17, 2012, defendant JPMorgan Chase Bank, N.A. filed a Notice of Removal in the United States District Court, for the Central District of California, pursuant to 28 U.S.C. §§ 1332 and 1441(b). A true and correct copy of the Notice of Removal is attached as "Exhibit 1" (without exhibits).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of this notice with this Court, effects removal of this action. Therefore, this Court may proceed no further with Plaintiff's action unless and until the action is remanded.

Dated: August 17, 2012

**BRYAN CAVE LLP**
Stuart W. Price
Jonathan M. Hurst

By: [signature]
Jonathan M. Hurst
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**PROOF OF SERVICE**

**CCP 1013A(3) REVISED 5/1/88**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: **theresa.macaulay@bryancave.com**

On ***August 17, 2012***, I served the foregoing document(s) described as:

**NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

Benjamin Yrungaray, Esq.
DE NOVO LAW FIRM
3637 Arlington Ave., Ste. D
Riverside, CA 92506

***Attorneys for Plaintiff, Rowena Albanna***
Phone: (951) 801-5570
Fax: (877) 932-6223
E-mail: byrungaray@denovofirm.com

☒ BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ***August 17, 2012***, at Irvine, California.

**Theresa Macaulay**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: **theresa.macaulay@bryancave.com**

On ***August 17, 2012***, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), 1446**

on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Benjamin Yrungaray, Esq.<br>DE NOVO LAW FIRM<br>3637 Arlington Ave., Ste. D<br>Riverside, CA 92506 | ***Attorneys for Plaintiff, Rowena Albanna***<br>Phone: (951) 801-5570<br>Fax: (877) 932-6223<br>E-mail: byrungaray@denovofirm.com |

☒ BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on ***August 17, 2012***, at Irvine, California.

**Theresa Macaulay**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV12- 1379 VAP (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AMRO ALBANNA

**DEFENDANTS**
JPMORGAN CHASE BANK, N.A., et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Benjamin Yrungaray, Esq.
3637 Arlington Ave., Ste. D
Riverside, CA 92506
Telephone: (951) 801-5570
Fax: (877) 932-6223

Attorneys (If Known)
Jonathan M. Hurst, SBN 272142 (jon.hurst@bryancave.com)
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
Telephone: (949) 223-7000
Fax: (949) 223-7100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ________

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity of Citizenship, 28 U.S.C § 1332

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: ED CV 12 - 01379 VAP (OPx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc. www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed inthis court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): Rowena Albanna v. JPMorgan Chase Bank, N.A., Central District of California case no. 5:12-cv-00389-RGK-DTB

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** August 17, 2012
Jonathan M. Hurst

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows orwidowers insurance benefits based on disability under Title 2 ofthe Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 ofthe Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: **theresa.macaulay@bryancave.com**

On ***August 17, 2012***, I served the foregoing document(s) described as:

**CIVIL COVER SHEET**

on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

Benjamin Yrungaray, Esq.
DE NOVO LAW FIRM
3637 Arlington Ave., Ste. D
Riverside, CA 92506

***Attorneys for Plaintiff, Rowena Albanna***
Phone: (951) 801-5570
Fax: (877) 932-6223
E-mail: byrungaray@denovofirm.com

☒ BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on ***August 17, 2012***, at Irvine, California.

**Theresa Macaulay**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414