Benjamin Yrungaray (Bar No. 256224)
**DE NOVO LAW FIRM**
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone: (951) 801-5570
Facsimile: (877) 932-6223

*Attorney for Plaintiff:*
Amro Albanna

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMRO ALBANNA, an individual,<br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., and DOES 1 through 20, inclusive,<br><br>Defendants/Respondents | Case No.: EDCV 12-01379-RGK (DTBx)<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF AMRO ALBANNA OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><u>Hearing:</u><br>Date: October 22, 2012<br>Time: 9:00 a.m.<br>Ctrm: 850<br><br>Action Filed: July 12, 2012<br>Removed: August 17, 2012 |

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................ 1

II. FACTUAL SUMMARY .................................................................................. 1

III. NO TENDER REQUIRED IN BREACH OF CONTRACT CLAIM ............. 2

IV. PLAINTIFF WILL PREVAIL ON BREACH OF CONTRACT CLAIM ..... 2

V. PLAINTIFF WIL REPVAIL ON CLAIM OF PROMISSORY ESTOPPEL ........................................................................................ 6

VI. PLAINTIFF WILL PREVAIL ON CLAIMS OF INTENTIONAL AND NEGLIGENT MISREPRESENTATION ...................................................... 6

VII. PLAINTIFF WILL PREVAIL ON CLAIM FOR BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING ....................................... 8

VIII. CONCLUSION ........................................................................................ 8

# TABLE OF AUTHORITIES

**Cases:**

Ohlendorf v. American Home Mortgage Servicing (ED Cal. Mar 31, 2010, No. Civ. S-09-2081 LKK/EFB) ....................2

Azzini v. Countrywide Home Mortgage Servicing (Sd Cal, Dec. 29, 2009, No. 09cv787-DMS (CAB)) 2009 US Dist Lexis 120599 ....................2

Price v. Wells Fargo Bank, 213 Cal. App. 3d 465 (1989)....................4

Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 262d 1257 (C.D. Cal. 2010) ....................4

## I. INTRODUCTION

Plaintiff filed a complaint in state court alleging that Defendant breached an agreement with Plaintiff to modify the terms of her home loan. This action was removed to federal court and Defenedant now files the instant motion for Judgment on the Pleadings. However, Plaintiff has alleged significant factual issued including a Loan Modification Agreement signed by Defendant Chase setting out the terms of a loan modification once Plaintiff completed the terms of the modification. Plaintiff completed those terms and Defendant now claims that no such agreement exists and seeks to have the complaint dismissed.

## II. FACTUAL SUMMARY

Plaintiff purchased the property (hereinafter referred to as the "PROPERTY") at-issue in this action, referred to as 5902 Claridge Drive, Riverside, California, 92506. Plaintiff refinanced the property on or around 2006, with a first deed of trust secured by Washington Mutual. On or about October 2008, Plaintiff fell behind on monthly mortgage payments to Defendants. On or about March 8, 2010, Plaintiff received a Trial Plan Agreement (hereinafter "Trial Plan Agreement") providing for three trial payments of $7,986.21 starting April 1, 2010. The Trial Plan explicitly stated "**After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount.**" (emphasis added). Plaintiff did make all payments and provided all documentation. On or about October 28, 2010, Plaintiff received a letter from Chase denying his eligibility for a loan modification. Plaintiff made several financial disclosures according to the demands made by Defendants.

//

## III. PLAINTIFF IS NOT REQUIRED TO TENDER THE LOAN BALANCE IN A CLAIM BASED ON BREACH OF CONTRACT

Defendant misstates the tender rule in trying to bar Plaintiff's complaint. Defendant claims the tender rule bars Plaintiff's complaint because it is "implicitly integrated" with a foreclosure sale. However, several courts have clarified the tender rule including Ohlendorf v. American Home Mortgage Servicing (ED Cal. Mar 31, 2010, No. Civ. S-09-2081 LKK/EFB). In *Ohlendorf*, the court found that a Plaintiff must tender "for 'any cause of action for irregularity in the [foreclosure] sale procedure." *Ohlendorf* goes on to say "Here, plaintiff asserts no causes of action that rely on any irregularity in the foreclosure sale itself" and the court goes on to conclude that tender is not required. Other courts have expressed similar opinions about the tender rule stating "Here, Plaintiffs do not seem to set aside a foreclosure sale because of irregular or unlawful sale procedures; rather, they seek relief for a host of allegedly fraudulent and unlawful business practices relating to the marketing of the subject loan." Azzini v. Countrywide Home Mortgage Servicing (Sd Cal, Dec. 29, 2009, No. 09cv787-DMS (CAB)) 2009 US Dist Lexis 120599.

As stated above, the tender rule is limited to those cases where a Plaintiff is alleging an irregularity in the foreclosure sale proceeding. In the instant case, Plaintiff makes no claim in the irregularity of the foreclosure process and no foreclosure sale has taken place. As a result, Defendant's attempt to bar Plaintiff's claims fail.

## IV.PLAINTIFF WILL PREVAIL ON CLAIM OF BREACH OF CONTRACT

Plaintiff entered into an agreement with Plaintiff that required Plaintiff to make monthly payments in exchange for a loan modification. Plaintiff received a signed writing from Plaintiff which agreed to modify the terms of the loan so long as Plaintiff complied with payment terms and provided the requested documents.

**A. Defendant Entered into Agreement with Plaintiff**

Defendant entered into a written agreement, signed by Defendant, which provides the material terms of a loan modification including monthly payment, changes in terms for escrow amounts, and reinstatement of the loan. The existence of an agreement is further strengthened by the first modification offered to Plaintiff on March 2, 2010. The terms of that agreement were very clear stating "If all payments are made as scheduled, we will reevaluate your application for assistance and determine if we are able to offer you a permanent workout solution to bring your loan current." This unsigned agreement made no promise of a loan modification but only the proverbial agreement to agree. However, this loan modification is not the agreement at issue. Because the dates of the agreement had already passed, Plaintiff requested and received the final Loan Modification Agreement.

Plaintiff received the Loan Modification Agreement on or around March 8, 2010. See *Loan Modification Agreement* dated March 8, 2010 and attached hereto as Exhibit A. This modification, prepared by Defendant, differed in several material points from the initial modification. First, the modification did not require a signature by Plaintiff but is signed by "Richard L", an employee for "CHASE HOME FINANCE LLC." Although Plaintiff cannot read the employee's entire signature that appears on the loan modification, it clearly references Chase as Lender and reads, "In Witness Whereof, the Lender has executed this **Plan**." (emphasis added). Further, the intent of the Agreement is clear and unambiguous. The Loan Modification Agreement states, "After successful completion of the Trial Period Plan, Chase will send you a Modification Agreement for

your signature which will modify the Loan as necessary to reflect this new payment amount." Thus, the terms of the modification are clear, changing the terms of the original loan to meet the new payment amount.

In support of their claim that no enforceable agreement exists, Defendant cites *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 483 (1989). However, the terms of that agreement are easily distinguishable from this case. In that matter, the Plaintiffs could not "specify any understanding as to the terms of the renewal" *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 483 (1989) and could only allege that the loans were to be "redone." In this case, Plaintiff has a signed writing with the exact terms of the modification including payment and adjustment for escrow changes. Further, the writing is signed by Chase and clearly indicates that the mortgage will be modified.

Defendant further cites *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 262d 1257 (C.D. Cal. 2010) as being applicable to Plaintiff's claim. Again, the comparison is intentionally misleading as the plaintiff in that case alleged only an "oral contract." Plaintiff based the oral contract on a promised that "Aurora 'offered' to consider a short sale in lieu of foreclosure if he submitted suitable documentation." *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 262d 1257, 1266 (C.D. Cal. 2010) . Defendant's use of this case is intentionally misleading and does not parallel the issues in this case. For example Plaintiff has already negotiated and provided documentation to Defendant. Further, Defendant wrote and signed an agreement providing the exact terms of the agreement. These written terms included a promise to reinstate the loan, modify the existing mortgage payment down to the new payment, and to adjust the payment depending on escrow

changes.

Defendant argues that Plaintiff cannot demonstrate consideration, an essential element of a contract. However, Plaintiff provided consideration for the loan modification in two important ways. First, Plaintiff was required to provide significant financial information and proof of hardship in completing the loan modification. Such information was material in helping Defendant determine what to do with the property and also important in any future collection activities. In fact, Defendant reveals the value of the information provided by Plaintiff by stating on the Loan Modification Agreement that "Chase Home Finance LLC is attempting to collect a debt, and any information obtained will be used for that purpose." Plaintiff did not owe a duty to provide his financial information and by doing so he provided any consideration for the loan modification offered by Plaintiff.

Additionally, Defendant's Loan Modification Agreement constituted a unilateral promise and Plaintiff's performance of the agreement constituted consideration. Defendant signed and agreed to modify the terms of Plaintiff's loan if he performed two acts. First, he was required to provide all requested documentation. Second, he was required to make normal monthly payments to Defendant. Defendant provided both and created a valid contract between Plaintiff and Defendant for the terms of the loan.

Defendant voluntarily entered into an agreement with Plaintiff by providing a written agreement replacing the previous monthly payments with lower modified payments. Defendant then signed the agreement thereby executing the plan. Based on the foregoing, Defendant and Plaintiff entered into a definite agreement to modify

Plaintiff's mortgage in conformance with the Loan Modification Agreement.

**V. PLAINTIFF WILL PREVAIL ON CLAIM OF PROMISSORY ESTOPPEL**

Plaintiff will prevail on his claim of promissory estoppel. Defendant goes to great lengths to discredit the written and signed agreement prepared by Defendant. This agreement provided distinct loan terms to Plaintiff including modifying the existing loan to reflect the modified payment, adjusting Plaintiff's loan for escrow changes, and reinstating Plaintiff's loan so that it was in good standing. The terms of the modified loan are definite and clear and it was reasonable for Plaintiff to rely on the signed agreement. Due to Plaintiff's reliance, Plaintiff paid thousands in modified payments, paid thousands to maintain the subject property, and provided financial documentation to Plaintiff that Defendant would not normally be required to provide.

Defendant further argues that Plaintiff could not reasonably rely on Defendant's promised to modify the loan. Defendant ignores the plain language of their agreement promising a modification of Plaintiff's loan with distinct monthly payment. Based on that plain language, it was reasonable for Plaintiff to enter into the loan modification agreement and pay thousands in mortgage payments, maintenance costs, and provide documentation to Defendant.

**VI. PLAINTIFF WILL PREVAIL ON INTENTIONAL AND NEGLIGENT MISREPRESENTATION**

Defendant misled Plaintiff about a loan modification and Plaintiff will prevail on his claim for negligent and intentional misrepresentation. Although Plaintiff is unable to

read the full signature of Defendant's agent, Plaintiff received a signed agreement from "Richard L", an agent for Chase Home Mortgage LLC, providing the material terms of a loan modification. This agreement included material terms for modifying the loan to reflect a new payment. Further, the agreement provided a final modification once Plaintiff provided all requested documentation and made the three monthly payments. Plaintiff provided the documentation and provided all the requested documentation and has never been given the promised final modification. Despite the clear language of the agreement, Defendants refused to honor the agreement claiming that the agreement is not an agreement.

Defendant claims that Plaintiff has failed to meet the standards under Rule 9(b) to allege fraud citing five different elements necessary to prevail on a claim of fraud. Plaintiff has alleged these elements and will do so again now. Plaintiff has shown (1) Defendant, Chase promised a loan modification modifying the terms of Plaintiff's loan to reflect the new payment provided in a Loan Modification Agreement, (2) through their agent "Richard L", who worked for Chase Home Mortgage LLC and signed and executed the Loan Modification Agreement, (3) Defendant made the statement in a writing providing for a trial modification, (4) the statements are specifically contained in a Loan Modification Agreement dated March 8, 2010, and (5) the agreement provided "After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount." However, Plaintiff completed the terms of the Trial Period Plan and was never given a Modification Agreement to reflect the new payment amount. Based on

the forgoing, Plaintiff can successfully support a claim of intentional and negligent misrepresentation against Defendant.

**VII. PLAINTIFF WILL PREVAIL ON CLAIM FOR BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING**

Plaintiff will prevail on a claim for breach of implied warranty of good faith and fair dealing as Defendant materially breached the terms of the agreement contained in the Loan Modification Agreement.

**A. Written Agreement Between Plaintiff and Defendant**

As stated above, Plaintiff and Defendant entered into a written agreement to modify the terms of Plaintiffs loan. This written agreement was signed and “executed” by Chase Home Mortgage LLC through their agent “Richard L.”

**B. Defendant Breached the Terms of the Agreement**

Defendant failed to honor the terms of the agreement by refusing to provide a final modification modifying the existing loan to reflect the payment provided in the Loan Modification Agreement. Again, this clearly violates the terms of the agreement that promised a final modification once Plaintiff provided all requested documentation and made the required monthly payments. Despite Plaintiff’s performance, Defendant refused to permanently modify the loan.

**VIII. CONCLUSION**

Plaintiff claims are supported by factual evidence showing that Defendant entered into a written agreement to modify Plaintiff’s loans. Plaintiff then went to great lengths to honor this agreement by paying Defendant thousands in payments, maintaining the subject property, and providing Defendant with sensitive financial information. Based on the foregoing, Plaintiff

requests that Defendant's Motion for Judgment on the pleadings be denied. In the alternative, Plaintiff requests leave to amend the complaint to reflect the relevant facts.

DATED this September 27, 2012.

**DE NOVO LAW FIRM**

By: ______________________

*Attorney for Plaintiff*

# EXHIBIT A

Loan Number 3010562076



CHASE HOME FINANCE LLC
2210 ENTERPRISE DRIVE
FLORENCE, SC 29501-1109

MARCH 08, 2010

AMRO A ALBANNA AND ROWENA L ALBANNA
PO BOX 5939
RIVERSIDE, CALIFORNIA 92517-5939

Trial Plan Agreement
Account: 3010562076
Property Address: 5902 CLARIDGE DR
RIVERSIDE, CALIFORNIA 92506

Dear Mortgagor(s):

Chase Home Finance LLC ("CHASE") wants to help you stay in your home. We offer various programs for customers who are experiencing hardships that prevent them from making their home loan payments. We are writing regarding your recent request for a loan modification on the above-referenced account. This letter is to notify you that we have received and reviewed your verification of income documentation.

The required first payment of $7,986.21 must be made using the payment coupons enclosed, sent in the form of check, certified funds, or cashier's check payable to **CHASE PAYMENT PROCESSING**, and mailed to the following address by **APRIL 01, 2010.** Please ensure that your account number appears on your payment. We recommend that you send payment via certified mail for delivery confirmation.

Overnight/Regular Mail: **CHASE PAYMENT PROCESSING**
**PO BOX 78148**
**PHOENIX AZ 85062-8148**

**Please note that the Trial Plan will not be valid until the first payment is received by CHASE as indicated above.** If the first payment is not received at the above address within the specified time frame, collection and/or foreclosure action may commence or continue.

Once the Trial Period Plan begins on your account, if you do not meet the terms of this Plan, please remember CHASE may, without further notice to you, terminate the Plan and commence or continue collection and/or foreclosure proceedings according to the terms of your Note and Security Instrument. **Note that the Trial Period Plan will not bring your account current.** CHASE reserves the right to determine the final amounts of the unpaid interest and any other delinquent amounts (except late charges) to be added to your loan balance in order to determine a new payment amount. After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount.

We have detailed the proposed payment schedule below. Please note that CHASE may find it necessary to increase your regular monthly payment during this period to cover escrow disbursements. Please adjust your payments accordingly.

Loan Number 3010562076

| Trial Plan Payment Amount | Trial Plan Payment Due Date |
| --- | --- |
| $ 7,986.21 | 04/01/2010 |
| $ 7,986.21 | 05/01/2010 |
| $ 7,986.21 | 06/01/2010 |

If all payments are made as scheduled, we will consider a permanent workout solution for your Loan.

**During your Trial Period Plan, payment should be made using the payment coupons provided and sent in the form of check, certified funds, or cashier's check payable to CHASE to the address provided above. Please ensure that your account number appears on your payment. We recommend that you send payments via certified mail for delivery confirmation.**

This Trial Plan does not alter any reporting made to credit reporting agencies by **CHASE**. Any delinquency will be reported in accordance to the terms of the Note and Security Instrument without regard to this instrument.

All of the original terms of your Loan remain in full force and effect, unless specifically mentioned. You acknowledge that in the event you file a petition in bankruptcy, **CHASE** may elect to take any and all actions necessary, including, but not limited, to voiding this Agreement, filing a Motion for Relief from Automatic Stay or a motion to dismiss or any permitted state law remedies, which in **CHASE**'s judgment are reasonably necessary to secure or protect our security and/or to enforce our rights under the original terms of your Loan.

If you have any questions, please contact us at the number provided below. We value you as a customer and want to ensure your continued satisfaction.

Sincerely,
Homeowner's Assistance Department
Chase Home Finance LLC
(800) 848-9380
(800) 841-1743 *TDD / Text Telephone*

Enclosures
1. Payment Coupons

2. Return Envelopes

For California customers, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission toll-free at (877) FTC-HELP or www.ftc.gov.

**Chase Home Finance LLC is attempting to collect a debt, and any information obtained will be used for that purpose.**





3 + 4 5 + 3 0 1 0 5 6 2 0 7 6 + 1 + 4 6 R

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.**

In Witness Whereof, the Lender has executed this Plan.

CHASE HOME FINANCE LLC
Lender

By: ______________________________

MARCH 08, 2010
Date



