JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-12-01379-RGK (DTBx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *AMRO ALBANNA v. JP MORGAN CHASE BANK N.A, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion for Judgment on the Pleadings (DE 8)

## I. INTRODUCTION

On July 12, 2012, Amro Albanna ("Plaintiff") filed a Complaint in California Superior Court against JP Morgan Chase Bank ("JP Morgan"), and California Reconveyance Company (collectively "Defendants"). Plaintiff alleges claims for: (1) breach of written contract; (2) promissory estoppel; (3) accounting; (4) misrepresentation; (5) restitution; (6) breach of implied warranty of good faith and fair dealing; (7) unfair business practices; (8) injunctive relief; and (10) conspiracy. On August 17, 2012, Defendants successfully removed the action to this Court and filed an Answer.

On September 10, 2012, Defendants filed the present Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the Court **GRANTS** Defendants' Motion.

## II. FACTUAL BACKGROUND

Plaintiff purchased property located at 5902 Claridge Drive, Riverside, California, 92506 (the "Property"). In August 2006, Plaintiff refinanced the Property with a loan ("Loan") from JP Morgan's predecessor in interest. The Loan was secured by a Deed of Trust on the Property. (Compl. ¶ 7.) In 2008, Plaintiff fell behind in his payments on the Loan. (*Id.*¶ 10.) On March 23, 2009, Defendant California Reconveyance issued a notice of default against Plaintiff.

On March 2, 2010, Plaintiff received a notice from JP Morgan, informing him that he qualified for a "Trial Plan." (Compl. ¶ 9.) The notice provided that if Plaintiff was able to make three scheduled payments of $7,986.21, JP Morgan would "consider a permanent workout solution for [his] loan."

(Compl., Ex. C.) Plaintiff made the three required payments.

On July 22, 2010, JP Morgan denied Plaintiff's request for a loan modification, stating that Plaintiff had not provided all the requested documentation. (Compl. ¶ 15.) Plaintiff appealed the decision to the Office of the Comptroller of the Currency. On October 28, 2010, Plaintiff received another letter from JP Morgan again denying him eligibility for a loan modification. The letter stated that the unpaid principal balance on his Loan was higher than the loan modification program's limit.

When Plaintiff failed to cure his default, California Reconveyance issued a notice of sale on the Property.

### III.   JUDICIAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim; the only significant difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed – but early enough not to delay a trial." Fed. R. Civ. P. 12(c); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court may grant a Rule 12(c) motion for judgment on the pleadings only if, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

### IV.   DISCUSSION

Defendants argue that Plaintiff's claims are barred by the tender rule or, in the alternative, each fails individually. The Court will first consider the tender rule and then each claim.

#### A.   Tender Rule

Defendants argue that the "tender rule" regarding foreclosure sales, bars Plaintiff Complaint. The Court disagrees.

The tender rule applies only to challenges to foreclosure sale procedures. *See FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989). Based on the allegations in the Complaint, Plaintiff is not challenging an irregularity in foreclosure sale procedures. Rather, Plaintiff is challenging Defendants' failure to offer him a loan modification. Therefore, the tender rule does not bar Plaintiff's Complaint. *See Ohlendorf v. Am. Home Mortg. Serv.*, 279 F.R.D. 575, 580 (E.D. Cal. 2010).

#### B.   Plaintiff's Claims

Defendants argue that all of Plaintiff's claims fail individually, either as a matter of law or due to insufficiently plead facts. The Court considers each claim in turn.

##### 1.   *Breach of Contract*

Defendants argue that Plaintiff failed to allege the existence of a valid contract. The Court agrees.

To state a claim for breach of contract, a party must plead (1) existence of a contract; (2) performance of the contract or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage. *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999). As to the first element, where "essential terms [are] only sketched out, with their final form to be agreed upon in the future . . . the parties ha[ve] at best an agreement to agree, which is unenforceable under California law." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213 (2006) (citation and internal quotations omitted).

Here, Plaintiff alleges that the March 2, 2010 letter from JP Morgan constitutes an enforceable promise. However, the letter states only that JP Morgan would "**consider** a permanent workout solution for [Plaintiff's] loan." (Pl.'s Opp'n, Ex. A at 2.) This language indicates that the letter offered the possibility of a permanent loan modification, without definite terms or any guarantee the modification would be offered. Assuming that all facts alleged are true, this letter is, at best, an agreement to agree and, therefore, unenforceable under California law. As such, Plaintiff's breach of contract claim fails.

    2. *Promissory Estoppel*

Defendants argue that Plaintiff has failed to allege a definite promise giving rise to a claim for promissory estoppel. The Court agrees.

To state a claim for promissory estoppel, a party must plead: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the party to whom the promise is made; and (3) injury caused by the party's reasonable and foreseeable reliance on the promise. *U.S. Ecology, Inc. v. California*, 129 Cal. App. 4th 887, 901 (2005). "To be enforceable, a promise must be definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Bustamante*, 141 Cal. App. at 209 (citation and quotations omitted).

Plaintiff alleges that the letter offering the Trial Plan constitutes a definite promise on which it was reasonable and foreseeable for Plaintiff to rely. However, as with the contract claim, the language of the letter undermines this argument. It clearly states that JP Morgan would **consider** offering Plaintiff a permanent loan modification. Therefore, the letter alone is insufficient to constitute a definite promise giving rise to a claim of promissory estoppel. As such, Plaintiff's promissory estoppel claim fails.

    3. *Accounting*

Defendants argue that, as the debtor, Plaintiff is not entitled to an accounting. The Court agrees.

To state an equitable claim for an accounting, a plaintiff must show: (1) plaintiff and defendant are in a relationship that requires an accounting, and (2) defendant owes plaintiff an amount that can be ascertained only by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). Plaintiff's demand for an accounting fails because he acknowledges that he is in default and does not allege that Defendants owe him any money. Therefore, Plaintiff's demand for an accounting fails as a matter of law.

    4. *Misrepresentation*

Defendants argue that Plaintiff has failed to plead the necessary elements of intentional or negligent misrepresentation. The Court agrees.

To establish a claim for intentional misrepresentation, Plaintiff must establish that (1) the Defendants made a false representation of a material fact; (2) Defendants knew of the falsity (or acted recklessly without regard for the truth) when they made the representation; (3) Defendants intended that Plaintiff would rely on the representation; (4) Plaintiff reasonably relied on the representation and suffered harm; and (5) Plaintiff's reliance on the representation was a substantial factor in causing that harm. *Manderville v. PCG & S Grp., Inc.*, 146 Cal. App. 4th 1486, 1498 (2007). Negligent misrepresentation is similar, requiring: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986).

In the Ninth Circuit, claims that are "grounded in fraud" or "sound in fraud" must satisfy the particularity requirement of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Since intentional and negligent misrepresentation are grounded in fraud, a party pleading them must meet the heightened pleading requirements of Rule 9(b). *See, e.g., Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing *Glen Holly Entm't Inc. v. Tektronix, Inc.*, 100 F. Supp 2d 1086, 1093 (C.D. Cal. 1999)).

Plaintiff has not established, with particularity, the elements of an intentional misrepresentation claim. First, Plaintiff fails to identify a false representation of a material fact. Ignoring the language that JP Morgan would **consider** a loan modification, Plaintiff argues JP Morgan promised a loan modification with no intention of providing one. This claim however, is unsupported by the facts. Second, given the letter's uncertain terms, Plaintiff has not demonstrated that reliance on the letter was reasonable. Even assuming Plaintiff's alleged facts are true, the evidence does not support Plaintiff's claim of intentional misrepresentation. Plaintiff's claim for negligent misrepresentation fails for the same reasons. Accordingly, Plaintiff's misrepresentation claims fail.

  5. *Restitution*

Defendants argue that Plaintiff's restitution claim fails because it is not a cause of action. The Court agrees.

Restitution is synonymous with unjust enrichment, "a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003). In California, there is no cause of action for unjust enrichment. *Id.* As unjust enrichment is not a claim, neither is restitution. Therefore, Plaintiff's restitution claim fails as a matter of law.

  6. *Breach of Implied Warranty of Good Faith and Fair Dealing*

Defendants argue that Plaintiff's claim for breach of implied warranty of good faith and fair dealing fails because Plaintiff's contract claim fails. The Court agrees.

In California, every contract includes "an implied covenant of good faith and fair dealing that neither party will . . . injure the right of the other party to receive the benefits of the agreement." *Merritt v. J.A. Stafford Co.*, 68 Cal. 2d 619, 626 (1968). However, a plaintiff cannot state a claim for breach of this implied covenant in the absence of a valid underlying contract. *Pac. States Enters., Inc. v. City of Coachella*, 13 Cal. App. 4th 1414, 1425 (1993).

It is unclear whether Plaintiff bases this claim on the alleged loan modification agreement or the agreement pursuant to his original Loan. As previously discussed, Plaintiff fails to allege the existence of a valid contract to permanently modify his Loan, and therefore, there can be no breach of the implied covenant of good faith and fair dealing. *See Pac. States Enters., Inc. v. City of Coachella*, 13 Cal. App. 4th at 1425. Moreover, as to the original Loan agreement, Plaintiff fails to allege any facts to show that Defendant has injured his right to receive the benefits of that agreement. As such, Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing.

       7.     *<u>Unfair Business Practices</u>*

Defendants argue that Plaintiff's claim under the California Business and Professions Code, sections 17500 and 17200 fails because Plaintiff has not plead sufficient facts. In his Complaint, Plaintiff alleges JP Morgan violated section 17200 by using "bait and switch tactics." Plaintiff also identifies section 17500 as grounds for his claim, but fails to point to any specific acts that violated this section. Defendants argue these allegations are insufficient. The Court agrees.

To bring a claim under California Business and Professions Code section 17200, a plaintiff must allege either an "unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. Section 17200 "borrows" violations of other laws and treats them as independently actionable practices under section 17200. *Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Unfair" practices include acts threatening violations of antitrust law, or its policy or spirit, that are similar in effect to violations of the law itself. *Id.* at 187. It can also include acts that otherwise threaten or harm competition. *Id.* "Fraudulent" business practices under § 17200 are acts that are likely to deceive the public. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).

A plaintiff alleging business practices that violate sections 17200 or 17500 must plead specific facts constituting the alleged violation. *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 930 (1985). In addition, a plaintiff in federal court alleging fraudulent conduct in violation of sections 17200 and 17500 must satisfy the heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Here, Plaintiff has not identified any unlawful, unfair, or fraudulent acts. First, Plaintiff fails to allege any unlawful conduct, as discussed in the above sections. Second, Plaintiff fails to allege sufficient facts to support an unfair or fraudulent practices claim under section 17200 or a false advertising claim under section 17500. Plaintiff makes conclusory allegations about JP Morgan's alleged use of "bait and switch tactics." These allegations, without more, fail to meet the pleading requirements of sections 17200, 17500, or Rule 9(b). Therefore, Plaintiff fails to state an unfair business practices claim under California law.

       8.     *<u>Injunctive Relief & Conspiracy</u>*

Defendants argue that Plaintiff's injunctive relief and conspiracy claims fail because neither is an independent ground for relief. The Court agrees.

Civil conspiracy is not a separate, civil tort, but rather, a theory of liability for an existing tort. *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 82 (2001). As Plaintiff's other claims also fail, this claim cannot succeed as a theory of liability.

Injunctive relief is also a remedy that relies on an independent claim. *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942). Since the Court dismisses all of Plaintiff's independent claims, his claim for injunctive relief must fail.

## V.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings.[1]

**IT IS SO ORDERED.**

_____ : _____<br>Initials of Preparer

---

[1] The Court notes that Plaintiff seeks leave to amend his Complaint if the Court grants Defendants' Motion. Upon review, the Court finds no reason to believe the defects discussed above can be cured by amendment.